IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF: ) CASE NO. BK07-42463-TJM
)
CYNTHIA DIANE STEELE, ) CH. 7
)
        Debtor(s). )

## ORDER

Hearing was held in Lincoln, Nebraska, on April 16, 2008, regarding Filing No. 17, Motion to Dismiss, filed by the debtor, and Filing No. 19, Objection, filed by Joseph H. Badami, Trustee. Theresa M. Siglar appeared for the debtor and Joseph H. Badami appeared as Chapter 7 trustee.

The debtor filed this Chapter 7 case and shortly thereafter, her father died. She is a beneficiary under her father's will, but the probate of the will has not been completed. She anticipates that she will received some real and some personal property, or the proceeds thereof, when the probate is complete. She has filed this motion to dismiss and argues that she will attempt to settle matters with her creditors outside of bankruptcy.

The bankruptcy was caused by the fact that at least one creditor obtained a judgment against her and began garnishing her wages.

The trustee has objected to the motion and asserts that the debtor's interest in her father's estate is property of the bankruptcy estate under 11 U.S.C. § 541(a)(5)(A). As such, the trustee suggests he should be allowed to administer the property when it is eventually distributed from probate and then distribute the proceeds of the property to creditors of the estate.

The Eighth Circuit's Bankruptcy Appellate Panel recently described the approach to be taken by bankruptcy courts in ruling on debtors' motions to dismiss their Chapter 7 cases:

> A debtor has no absolute right to dismissal of a Chapter 7 case. In order to succeed in a motion to dismiss, the debtor must make a showing of cause and demonstrate why dismissal is justified. Even if the debtor can show cause, the court should deny the motion if it prejudices creditors. Courts generally consider the following factors when ruling on a debtor's motion to dismiss: (1) whether all of the creditors have consented; (2) whether the debtor is acting in good faith; (3) whether dismissal would result in an prejudicial delay in payment; (4) whether dismissal would result in a reordering of priorities; (5) whether there is another proceeding through which the payment of claims can be handled; and (6) whether an objection to discharge, an objection to exemptions, or a preference claim is pending.

Blumeyer v. Sosne (In re Blumeyer), ___ B.R. ___, 2008 WL 657862, at *3 (B.A.P. 8th Cir. Mar. 13, 2008) (citing Turpen v. Eide (In re Turpen), 244 B.R. 431, 434 (B.A.P. 8th Cir. 2000)).

In this case, no creditor has objected and it appears the debtor is acting in good faith. However, dismissal could very well result in a prejudicial delay in payment if the debtor is unable to settle with her creditors quickly. In addition, if the debtor is unable to settle, and then refiles, there could be a reordering of priorities. There appears to be no other proceeding through which the

payment of claims can be handled. Finally, there is no objection to discharge or to exemptions pending and there are no preference claims.

Weighing the factors above, the creditors are better off if the case remains open and the trustee administers the inheritance.

IT IS ORDERED that the motion to dismiss (Fil. #17) is denied.  Dismissal of the case will simply put the debtor in the same position she was in prior to filing, that is, subject to garnishment and other collection efforts by one or more creditors.  The trustee should be presented with evidence concerning the type of property included in the inheritance and should be permitted to make his own determination of the value of such property.  Whether to liquidate the inherited property or abandon it shall be left to his business judgment.

DATED:     April 17, 2008

BY THE COURT:

/s/ Timothy J. Mahoney
Chief Judge

Notice given by the Court to:
   *Theresa M. Siglar
    Joseph H. Badami
    U.S. Trustee

*Movant is responsible for giving notice of this order to other parties if required by rule or statute.